**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**FEDERAL TRADE COMMISSION,**

    Plaintiff,
v.                                                                                                  Case No.: 8:12-cv-586-T35-EAJ

**PRO CREDIT GROUP, LLC, et al.,**

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Receiver's Motion for Clarification of Ex Parte Temporary Restraining Order with Ancillary Relief (Dkt. 64) and the Joint Consent Emergency Motion for Relief From the Temporary Restraining Order for Non-Party Consumer Budget Services (Dkt. 69).  On April 10, 2012, Receiver Mark J. Bernet filed a motion for clarification regarding the effects of the March 20, 2012 Temporary Restraining Order ("TRO") issued by this Court on non-parties Karissa Dyar and Consumer Budget Servies (CBS).  The Receiver maintains that he took possession of the premises located at 11350 66th Street North, Suite 115, Largo, Florida (the "66th Street Facility") based on information received from the FTC that Defendant Consumer Credit Group, LLC (CCG) was operating out of that facility.  However, the Receiver states that the 66th Street Facility is actually leased and occupied by Ms. Dyar under the trade name Consumer Budget Services, both non-parties to this action.

The Receiver maintains that Ms. Dyar denies that any of the "Receivership Defendants, [as defined in the TRO], are presently transacting business at the 66th Street Facility in [their] own name."  The Receiver has returned possession of the 66th

1

Street Facility to Ms. Dyar but claims that the FTC objects to the return of the 66th Street Facility.  The Receiver states that the FTC claims that the documents, property and electronic data located at the 66th Street Facility belong to the Receivership Defendants and that Ms. Dyar, the manager of the office, is in near-constant contact with the office managed by Defendant Dale Robinson and reports directly to Defendant Brett Fisher.  However, neither Ms. Dyar nor CBS is named in the FTC's Complaint or the FTC's Motion for Temporary Restraining Order.  Subsequent to the filing of the Receiver's motion for clarification, the FTC and CBS filed the instant Joint Consent Emergency Motion to lift the asset freeze on CBS's business accounts.  Upon consideration of all relevant filings and based on stipulation of the parties, it is hereby **ORDERED** as follows:

A. Pending the outcome of the Preliminary Injunction Hearing to be held by this Court on April 17, 2012:

   1. The freeze on **all business bank accounts** of Consumer Budget Services (CBS) is lifted immediately as of the date of this Order. Specifically, the lift of the freeze applies to the following Bank of America accounts belonging to CBS: (1) Consumer Budget Services Payroll Account: 2290-XXXX-3989 (2) Consumer Budget Services Billing Account: 2290-XXXX-3992 and (3) Consumer Budget Services: 2290-XXXX-3976. **Notice of the lifting of this freeze shall be provided by the Receiver to any financial institutions to whom prior notice to freeze was given by hand-delivery or email to the responsible party**

**to achieve expedient lifting of the freeze within 24 hours or less of the entry of this Order.**

2. Ms. Dyar is free to access and operate on the premises where CBS is located (the 66th Street Facility). Ms. Dyar and CBS shall also have full access to the documents, property, and data located on the premises. The Receiver shall not impede, in any way, said access, and consent of the Receiver for the Defendant to enter, remain in or access the facility is not required to be obtained. Further, the Receiver is not permitted to remain on the premises or enter the premises without an express Order of the Court. The keys to the locks and any modified codes to the security system or networks shall be provided to Ms. Dyar and CBS within 24 hours of the entry of this Order. If any original documents have been removed from the premises they shall be returned within the same time frame. Any assets of CBS or Ms. Dyar that have been physically seized shall be returned immediately by the Receiver to CBS and/or Ms. Dyer.

3. Ms. Dyar and Consumer Budget Services are directed to preserve and not to dispose of or destroy any information or documents in their possession that may be relevant in any respect to the subject litigation. Spoliation of any documents or records relevant to this litigation may result in the imposition of sanctions by this Court. See FED. R. CIV. P 37; Swofford v. Eslinger, 671 F.Supp.2d 1274 (M.D. Fla. 2009); Zubulake v. UBS Warburg LLC, 217 F.R.D 309 (S.D.N.Y. 2003).

B. The FTC is **DIRECTED** to identify in a written notice filed within 24 hours any other individuals or entities not named as defendants in its Complaint who have been affected (i.e. documents, premises or assets seized or frozen or attempted to be seized or frozen) by the FTC and Receiver in reliance on the TRO issued by this Court on March 20, 2012. (Dkt. 11.)

**DONE** and **ORDERED** in Tampa, Florida, this 12th day of April 2012.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Parties