UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

CASE NO. 8:12-CV-00586-MSS-EAJ



FEDERAL TRADE COMMISSION,

Plaintiff,

v.

PRO CREDIT GROUP, LLC;

BRETT FISHER;

SANDERS LEGAL GROUP, P.A.;

SANDERS LAW, P.A.;

ANDRE KEITH SANDERS;

MY SUCCESS TRACK, LLC;

CONSUMER CREDIT GROUP, LLC;

DALE ROBINSON;

FIRST FINANCIAL ASSET SERVICES, INC.; and

WILLIAM BALSAMO,

Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT WILLIAM BALSAMO TO FIRST AMENDED COMPLAINT

Defendant, WILLIAM BALSAMO, responds to the First Amended Complaint in this action as follows pursuant to Federal Rules of Civil Procedure 8 and 12:

1. Admitted that this action arises under the sections of the Federal Trade Commission Act, Telemarketing and Consumer Fraud and Abuse Prevention Act and the Telemarketing Sales Rule cited by the plaintiff in this paragraph.

2. Admitted that this court has subject matter jurisdiction under the statutory sections cited in this paragraph.

3. Admitted that venue is proper in the Middle District of Florida.

4. Admitted.

5. Admitted.

6. Defendant WILLIAM BALSAMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and this has the effect of a denial.

7. Defendant WILLIAM BALSAMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and this has the effect of a denial.

8. Defendant WILLIAM BALSAMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and this has the effect of a denial.

9. Defendant WILLIAM BALSAMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and this has the effect of a denial.

10. Defendant WILLIAM BALSAMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and this has the effect of a denial.

11. Defendant WILLIAM BALSAMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and this has the effect of a denial.

12. Defendant WILLIAM BALSAMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and this has the effect of a denial.

13. Defendant WILLIAM BALSAMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and this has the effect of a denial.

14. Admitted.

15. Admitted that defendant WILLIAM BALSAMO is the President of corporate defendant FIRST FINANCIAL ASSET SERVICES, INC. ("FFAS") and that, as chief executive officer, he had authority to control the company's trade practices. Denied that he formulated, directed, controlled or had authority to control or participated in any unlawful acts and practices alleged in the Amended Complaint. Admitted that defendant WILLIAM BALSAMO transacted business in the Middle District of Florida in his capacity as President of corporate defendant FFAS.

16. Admitted that corporate defendant FFAS maintained a substantial course of trade in or affecting "commerce" as that term is defined by section 4 of the FTC Act, 15 U.S.C. § 44.

17. Denied.

18. Defendant WILLIAM BALSAMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and this has the effect of a denial.

19. Defendant WILLIAM BALSAMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and this has the effect of a denial.

20. Defendant WILLIAM BALSAMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and this has the effect of a denial.

21. Defendant WILLIAM BALSAMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and this has the effect of a denial.

22. Defendant WILLIAM BALSAMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and this has the effect of a denial.

23. Defendant WILLIAM BALSAMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and this has the effect of a denial.

24. Defendant WILLIAM BALSAMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and this has the effect of a denial.

25. Defendant WILLIAM BALSAMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and this has the effect of a denial.

26. Defendant WILLIAM BALSAMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and this has the effect of a denial.

27. Defendant WILLIAM BALSAMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and this has the effect of a denial.

28. Defendant WILLIAM BALSAMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and this has the effect of a denial.

29. Defendant WILLIAM BALSAMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and this has the effect of a denial.

30. Defendant WILLIAM BALSAMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and this has the effect of a denial.

31. Defendant WILLIAM BALSAMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and this has the effect of a denial.

32. Defendant WILLIAM BALSAMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and this has the effect of a denial.

33. Denied.

34. Denied

35. Denied

36 Denied

37. Denied

38. Admitted

39. Denied

40. Defendant WILLIAM BALSAMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and this has the effect of a denial.

41. Admitted

42. Admitted that consumers who completed and returned the Account Information Form received in the mail a "customized budget plan," but denied as to the remaining characterization of the budget plan.

43. Defendant WILLIAM BALSAMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and this has the effect of a denial.

44. Defendant WILLIAM BALSAMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and this has the effect of a denial.

45. Defendant WILLIAM BALSAMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and this has the effect of a denial.

46. Defendant WILLIAM BALSAMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and this has the effect of a denial.

47. Defendant WILLIAM BALSAMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and this has the effect of a denial.

48. Admitted.

49. Admitted.

50. Admitted.

51. Defendant WILLIAM BALSAMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and this has the effect of a denial.

52. Defendant WILLIAM BALSAMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and this has the effect of a denial.

53. Denied.

54. Denied.

55. Denied.

56. Admitted.

57. Admitted.

58. Admitted.

59. Admitted.

60. Admitted.

61. Denied.

62. Denied.

63. Denied.

64. Admitted.

65. Defendant WILLIAM BALSAMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and this has the effect of a denial.

66. Denied.

67. Denied.

68. Denied.

69. Defendant WILLIAM BALSAMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and this has the effect of a denial.

70. Defendant WILLIAM BALSAMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and this has the effect of a denial.

71. Denied

72. Denied

73. Defendant WILLIAM BALSAMO lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and this has the effect of a denial.

74. Admitted

75. Admitted.

## **AFFIRMATIVE DEFENSES**

76. Any representation made by or on behalf of defendant FFAS to consumers was not likely to mislead customers acting reasonably under the circumstances.

77. Any representation made by or on behalf of defendant FFAS to consumers was not material.

78. The acts or practices allegedly committed or engaged in by defendant, FFAS, were not "deceptive" under 15 U.S.C. §45(a) because they did not involve misrepresentations or omissions of material fact.

79. The acts or practices allegedly committed or engaged in by defendant, FFAS, were not "unfair" under 15 U.S.C. §45(n) because they did not cause and were not likely to cause substantial injury to consumers.

80. The acts or practices allegedly committed or engaged in by defendant, FFAS, were not "unfair" under 15 U.S.C. §45(n) because any substantial injury to consumers caused or likely to be caused was reasonably avoidable by consumers.

81. Any substantial injury to consumers caused or likely to be caused by the acts or practices allegedly committed or engaged in by defendant, FFAS, was outweighed by countervailing benefits to consumers or to competition.

82. Individual defendant, WILLIAM BALSAMO, neither participated in nor had the authority to control the allegedly unfair or deceptive acts or practices that are the subject of this action. In addition, he did not have actual knowledge of the allegedly unfair or deceptive acts or practices, was not recklessly indifferent to the truth or falsity of the alleged misrepresentations or omissions of material fact and/or did not have an awareness of a high probability of fraud coupled with an intentional avoidance of the truth.

### Certificate of Service

HEREBY CERTIFY that on this __13th__ day of __December,__ 2012 I filed the foregoing document with the Clerk of the Court via US Mail. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified

WILLIAM BALSAMO, *Pro se defendant*
10376 Palmgren Lane
Spring Hill, FL 34608
Telephone: 352-238-6751
E-mail: williambalsamo@msn.com

## Service List

*Via e-mail*
Defendants, William Balsamo and First Financial Asset Services, Inc.
10376 Palmgren Lane
Spring Hill, FL 34608
E-mail: williambalsamo@msn.com

*Via e-mail*
Julia Solomon Ensor, Esq.
Melinda Claybaugh, Esq.
Counsel for plaintiff Federal Trade Commission
M08102B
600 Pennsylvania Avenue, N.W.
Washington, DC 20580
Tel. no.: 202-326-2203
Fax no.: 202-326-2558
E-mail: jensor@ftc.gov; mclaybaugh@ftc.gov

*Via e-mail*
Andrew B. Lustigman, Esq.
Scott Schaffer, Esq.
Olshan, Grundman, Frome, Rosenzweig & Wolosky LLP
Counsel for Sanders Legal Group, P.A., Sanders Law, P.A. and Andre Keith Sanders
65 East 55th Street
New York, NY 10022
Tel. no.: 202-451-2300
Fax no. 212-451-2222

*Via e-mail*
Kyle Carrier, Esq.
Counsel for Sanders Legal Group, P.A., Sanders Law, P.A. and Andre Keith Sanders
P.O. Box 66465
Saint Petersburg Beach, FL 33706
Tel. no.: 727-871-6034
Fax no.: 888-711-8435
E-mail: kcarrier24@gmail.com

*Via e-mail*
Mark J. Bernet, Esq.
Receiver for corporate defendants
Kass, Shuler, et al.
1505 North Florida Avenue
Tampa, FL 33602
Tel. no. 813-229-0900
Fax no.
E-mail: mbernet@kasslaw.com

*Via e-mail*
Dale Robinson
*Pro se* defendant
14959 Hidden Oaks Circle
Clearwater, FL 33764
E-mail: drobinson50@live.com