Case 8:12-cv-00586-MSS-EAJ   Document 209   Filed 09/05/13   Page 1 of 20 PageID 4256

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>   Plaintiff,<br><br>   v.<br><br>PRO CREDIT GROUP, LLC, e*t al.*,<br><br>   Defendants. | Case No.  8:12-cv-586-T35-EAJ |

**STIPULATED FINAL JUDGMENT AND ORDER FOR**
**PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF**
**AS TO DEFENDANTS WILLIAM BALSAMO AND**
**FIRST FINANCIAL ASSET SERVICES, INC.**

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint on March 19, 2012 for a permanent injunction and other equitable relief in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6101 *et seq*.  The Court entered an Amended Complaint on November 14, 2012.  Through counsel, the Commission and Defendants William Balsamo and First Financial Asset Services, Inc. stipulate to the entry of this Order for Permanent Injunction and Other Equitable Relief ("Order") to resolve all matters in dispute in this action between them.

**THEREFORE, IT IS ORDERED** as follows:

# FINDINGS

1. This Court has jurisdiction over the subject matter and the parties.

2. Venue is proper in the Middle District of Florida.

3. The activities of Defendants William Balsamo and First Financial Asset Services, Inc. are in or affecting commerce, as defined in the FTC Act, 15 U.S.C. § 44.

4. The Amended Complaint charges that Defendants participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and abusive or deceptive telemarketing acts or practices in violation of the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, in connection with debt processing activities and the marketing or sale of a service purporting to lower the interest rates on consumers' debts.

5. Defendants neither admit nor deny any of the allegations in the Amended Complaint, except as specifically stated in this Order. Only for purposes of this action, Settling Defendants admit the facts necessary to establish jurisdiction.

6. Settling Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorneys' fees.

7. The parties waive all rights to appeal or otherwise challenge or contest the validity of this Order.

# DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1. **"Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, inventory, checks, notes, leaseholds, effects, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, or cash, wherever located, whether in the United States or abroad.

2. **"Assisting others"** includes, but is not limited to: (1) performing customer service functions, including but not limited to receiving or responding to consumer complaints; (2) providing or arranging for the provision of billing or payment services, including but not limited to applying for or maintaining merchant accounts used to charge consumers; (3) developing or providing or arranging for the development or provision of sales scripts or other marketing materials; (4) providing, or arranging for the provision of, names of potential customers; or (5) performing marketing services of any kind including but not limited to telemarketing.

3. **"Corporate Defendant"** means First Financial Asset Services, Inc. and its successors and assigns.

4. **"Debt relief services"** means any program or service represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a person and one or more unsecured creditors or debt collectors, including but not limited to, a reduction in the balance, interest rate, or fees owed by a person to an unsecured creditor or debt collector.

5. **"Individual Defendant"** means William Balsamo.

6. **"Outbound telephone call"** means a telephone call initiated by a telemarketer to induce the purchase of goods or services or to solicit a charitable contribution.

7. **"Settling Defendants"** means William Balsamo and First Financial Asset Services, Inc., individually, collectively, or in any combination.

8. **"Telemarketing"** means any plan, program or campaign that is conducted to induce the purchase of goods or services by means of the use of one or more telephones, and which involves a telephone call, whether or not covered by the Telemarketing Sales Rule, 16 C.F.R. Part 310.

## **ORDER**

### **I.**
### **PERMANENT BAN REGARDING DEBT RELIEF SERVICES**

**IT IS FURTHER ORDERED** that Settling Defendants, whether acting directly or indirectly, are permanently restrained and enjoined from providing debt relief services or assisting others engaged in providing debt relief services.

Neither Section II nor Section III shall be construed as an exception to this Section I.

### **II.**
### **PROHIBITED TELEMARKETING ACTIVITIES**

**IT IS FURTHER ORDERED** that Settling Defendants, their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from, in connection with the telemarketing of any good or service:

      A.    initiating or assisting others in initiating any outbound telephone call that delivers a prerecorded message, *provided that* a prerecorded message that states the name and telephone number of the seller on whose behalf the call was placed may be played whenever a sales representative is not available to speak with the person answering the outbound call within two seconds after the person's completed greeting;

      B.    assisting any person or entity located outside of the United States that is engaged in telemarketing to United States consumers;

      C.    initiating or assisting others in initiating any outbound telephone call on behalf of Settling Defendants without maintaining: (1) records reflecting the date each consumer is charged; and (2) a recording of the entire telephone call with each consumer charged by or on behalf of a Settling Defendant, regardless of whether such consumer later receives a refund or chargeback. Such recordings must be able to be identified and located by the consumer's name or telephone number.

Section III shall not be construed as an exception to this Section II.

### III.
### PROHIBITED BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that Settling Defendants, their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

      A.  the total costs to purchase, receive, or use the good or service;

5

B. any aspect of the nature or terms of a policy regarding refunds, cancellations, exchanges, or repurchase; and

C. any other material fact, including but not limited to: any material restrictions, limitations, or conditions; or any material aspect of the performance, efficacy, nature, or central characteristics of the good or service.

## IV.
## MONETARY JUDGMENT AND PARTIAL SUSPENSION

A. Judgment in the amount of **Eleven Million, Two Hundred Thirty-Six Thousand, Five Hundred Six Dollars ($11,236,506.00)** is entered in favor of the Commission against Settling Defendants, jointly and severally, as equitable monetary relief.

B. Settling Defendants are ordered to pay to the Commission all funds:

1. in the Ameritrade account identified in Defendant Balsamo's financial statement dated February 12, 2013; and

2. in the Royal Bank of Canada account identified in Defendant Balsamo's financial statement dated February 12, 2013.

Such payments must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

C. Settling Defendants are ordered to, within 7 days of entry of this Order, transfer possession of the Sea Doo Challenger identified in Defendant Balsamo's financial statement dated February 12, 2013 to the Receiver appointed by the Court on October 17, 2012 (Order Granting Preliminary Injunction). Settling Defendants are

6

further ordered to cooperate fully with the Receiver and take such steps as the Receiver may require to sell such property. The Receiver shall sell the Sea Doo Challenger and use the proceeds of the sale to pay any necessary expenses relating to the sale, and, if granted by the Court upon Motion by the Receiver, reasonable compensation for the performance of the Receiver's duties in connection with the sale. The Receiver shall transfer the resulting funds to the Commission.

>   D. Settling Defendants are ordered to cooperate fully with the Receiver and

take such steps as the Receiver may require to sell the following properties:

>   1. the land located at 300 SE 125th Street, Ocala, Florida 34473 identified in Defendant Balsamo's financial statement dated February 12, 2013; and

>   2. the land located at 3690 SE 110th Street, Lots 2, 3, and 4, Belleview, Florida 34420, identified in Defendant Balsamo's financial statement dated February 12, 2013;

Such steps shall include but are not limited to providing the Receiver power of attorney with respect to the properties within 7 days of entry of this Order, transferring possession of the properties to the Receiver, and signing all documents necessary for the sale of the properties. The Receiver shall sell the properties and use the proceeds of the sale to pay any necessary expenses relating to the sale, and, if granted by the Court upon Motion by the Receiver, reasonable compensation for the performance of the Receiver's duties in connection with the sale. The Receiver shall transfer the resulting funds to the Commission.

E. Until Settling Defendants surrender possession and legal and equitable title of the properties set forth in Subsections C and D to the Receiver, Settling Defendants shall maintain and take no action to diminish the value of the properties.

F. Upon completion of all of the Settling Defendants' obligations set forth in Subsections B, C, and D, above, the remainder of the judgment is suspended, subject to the Subsections below.

G. The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Settling Defendants' sworn financial statements and related documents submitted to the Commission, namely:

    1. the signed Financial Statement of Individual Defendant William Balsamo dated February 12, 2013, including the attachments;

    2. the Financial Statement of Corporate Defendant First Financial Asset Management Inc., signed by William Balsamo on February 12, 2013, including the attachments; and

    3. the additional financial information submitted by Settling Defendants' counsel to the FTC in correspondence dated January 15, 2013, January 31, 2013, and February 5, 2013, including attachments.

H. The suspension of the judgment will be lifted as to any Settling Defendant if, upon motion by the Commission, the Court finds that Settling Defendants failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

I.     If the suspension of the judgment is lifted, the judgment becomes immediately due in the amount specified in Subsection A above (which the parties stipulate only for the purposes of this Section represents the consumer injury), less: (i) any payment previously made pursuant to Subsection B; (ii) the proceeds from the sale of the property set forth in Subsections C and D; and (iii) $149,792.41 (the amount of money previously transferred to the Receiver by Settling Defendants), plus interest computed from the date of entry of this Order.

# V.
# ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A.     Settling Defendants relinquish dominion over and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order. They also relinquish dominion over and all legal and equitable right, title, and interest in all assets held by the Receiver in the name or for the benefit of First Financial Asset Services and Calif Management. Settling Defendants shall not seek the return of any assets.

B.     The facts alleged in the Amended Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.     The facts alleged in the Amended Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.  Settling Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Settling Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

E.  All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Settling Defendants' practices alleged in the Amended Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Settling Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VI.
## LIFTING OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze against the assets of:  (1) Corporate Defendant pursuant to Section II of the *Ex Parte* Temporary Restraining Order with Ancillary Relief (Dkt. # 11-1), as extended pursuant to the Orders entered by this Court on April 17, 2012 (Dkt. #109) and October 17, 2012 (Dkt. #161); (2) Defendant Balsamo pursuant to October 17 Order; and (3) Calif Management, pursuant to the April 17 and

October 17 Orders, shall be modified to permit the payments and transfers identified in the Monetary Judgment Section. Upon completion of those payments and transfers, the asset freeze is dissolved.

## VII.
## CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Settling Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them are permanently restrained and enjoined from directly or indirectly:

A. Failing to provide sufficient consumer information to enable the Commission to efficiently administer redress. If a representative of the Commission requests in writing any information related to redress, Settling Defendants must provide it, in the form prescribed by the Commission, within 14 days.

B. Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account) that Settling Defendants obtained prior to entry of this Order in connection with any activities alleged in the Amended Complaint; and

C. Failing to dispose of such customer information in all forms in their possession, custody, or control within 30 days after entry of this Order. Disposal must be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any

electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

*Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VIII.
## COOPERATION

**IT IS FURTHER ORDERED** that Settling Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Amended Complaint.  Settling Defendants must provide truthful and complete information, evidence, and testimony.  The Individual Defendant must appear and Corporate Defendant must cause its officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## IX.
## ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Settling Defendants obtain acknowledgments of receipt of this Order as follows:

      A.      Each Settling Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

      B.      For 10 years after entry of this Order, the Individual Defendant, for any business that he is the majority owner or directly or indirectly controls, and the Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

      C.      From each individual or entity to which a Defendant delivers a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## X.
## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Settling Defendants make timely submissions to the Commission as follows:

      A.      Within 180 days after entry of this Order, each Settling Defendant must submit a compliance report, sworn under penalty of perjury.

          1.      Each Settling Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with

Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Settling Defendant (which Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

        2.       Additionally, the Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

    B.      For 10 years following entry of this Order, each Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

        1.       Each Settling Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or

indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

      2.      Additionally, the Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.      Each Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within 14 days of its filing.

D.      Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission,

600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin: FTC v. Pro Credit Group, LLC, Matter No. X120037.

## XI.
## RECORDKEEPING

**IT IS FURTHER ORDERED** that Settling Defendants must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendant and Individual Defendant, for any business in which he is a majority owner or directly or indirectly controls, must maintain the following records:

 A. Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

 B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

 C. Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

 D. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

 E. A copy of each advertisement or other marketing material.

## XII.
## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Settling Defendants' compliance with this Order and any failure to transfer any assets as required by this Order:

    A.    Within 14 days of receipt of a written request from a representative of the Commission, each Settling Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

    B.    For matters concerning this Order, the Commission is authorized to communicate directly with each Settling Defendant. Settling Defendants must permit representatives of the Commission to interview any employee or other person affiliated with any Settling Defendant who has agreed to such an interview. The person interviewed may have counsel present.

    C.    The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Settling Defendants or any individual or entity affiliated with Settling Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XIII.
## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

IT IS SO STIPULATED:

*(signature)*
KORIN EWING FELIX
JULIA SOLOMON ENSOR
Federal Trade Commission
Division of Enforcement
600 Pennsylvania Ave., NW, Suite M-8102B
Washington, DC 20580
(202) 326-3556, kfelix@ftc.gov (Felix)
(202) 326-2377, jensor@ftc.gov (Ensor)
(202) 326-2558 (Fax)

*Attorneys for Plaintiff*

*(signature)* 5/20/13
ANDREW N. COVE
Cove & Associates, P.A.
22 South 21st Avenue
Hollywood, FL 33020
(954) 921-1121
hel@covelaw.com

*Attorney for Defendants William Balsamo and First Financial Asset Services, Inc.*

*(signature)* 5/14/2013
WILLIAM BALSAMO

*Individually and on behalf of First Financial Asset Services, Inc.*

LEONARD N. SOLIE
NOTARY PUBLIC
STATE OF FLORIDA
Comm# EE134497
Expires 12/5/2015

*(signature)* 5-14-2013

19

19

**DONE and ORDERED**, in Tampa, Florida, this 5th day of September, 2013, at 10:18 a.m.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE