UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>PRO CREDIT GROUP, LLC, e*t al.*,<br><br>  Defendants. | Case No.  8:12-cv-586-T35-EAJ |

STIPULATED FINAL JUDGMENT AND ORDER FOR
PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF
AS TO DEFENDANTS ANDRE KEITH SANDERS,
SANDERS LEGAL GROUP, P.A., AND SANDERS LAW, P.A.

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint on March 19, 2012 for a permanent injunction and other equitable relief in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6101 *et seq*.  The Court entered an Amended Complaint on November 14, 2012.  Through counsel, the Commission and Defendants Andre Keith Sanders, Sanders Legal Group, P.A., and Sanders Law, P.A. stipulate to the entry of this Order for Permanent Injunction and Other Equitable Relief ("Order") to resolve all matters in dispute in this action as well as any allegations of contempt in *FTC v. Group One Networks, Inc., et al.*, Case No. 8:09-cv-00352 (M.D. Fla.) stemming from the same conduct.

**THEREFORE, IT IS ORDERED** as follows:

## FINDINGS

1. This Court has jurisdiction over the subject matter and the parties.

2. Venue is proper in the Middle District of Florida.

3. The activities of Defendants Sanders, Sanders Legal Group, P.A., and Sanders Law, P.A. are in or affecting commerce, as defined in the FTC Act, 15 U.S.C. § 44.

4. The Amended Complaint alleges that Defendants participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and abusive or deceptive telemarketing acts or practices in violation of the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, in connection with debt processing activities and the marketing or sale of a service purporting to lower the interest rates on consumers' debts.

5. Defendants neither admit nor deny any of the allegations in the Amended Complaint, except as specifically stated in this Order. Only for purposes of this action, Settling Defendants admit the facts necessary to establish jurisdiction.

6. Settling Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorneys' fees.

7. The parties waive all rights to appeal or otherwise challenge or contest the validity of this Order and waive any rights to object to the use of evidence at any trial or hearing in this matter.

**DEFINITIONS**

For purposes of this Order, the following definitions shall apply:

1. **"Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, inventory, checks, notes, leaseholds, effects, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, or cash, wherever located, whether in the United States or abroad.

2. **"Assisting" and "assisting others"** includes, but is not limited to: (1) performing customer service functions, including but not limited to receiving or responding to consumer complaints; (2) providing or arranging for the provision of billing or payment services, including but not limited to applying for or maintaining merchant accounts used to charge consumers; (3) developing or providing or arranging for the development or provision of sales scripts or other marketing materials; (4) providing, or arranging for the provision of, names of potential customers; or (5) performing marketing services of any kind including but not limited to telemarketing.

3. **"Corporate Defendants"** means Sanders Law, P.A., Sanders Legal Group, P.A., and their successors and assigns.

4. **"Debt collector"** means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding

the exclusion provided by clause (c) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. "**Debt collector**" does not include:

   a. Any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;

   b. Any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts; and

   c. Any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity

      i. Is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement;

      ii. Concerns a debt which was originated by such person;

      iii. Concerns a debt which was not in default at the time it was obtained by such person; or

      iv. Concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

5. **"Debt relief services"** means any program or service represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other

terms of the debt between a person and one or more unsecured creditors or debt collectors, including but not limited to, a reduction in the balance, interest rate, or fees owed by a person to an unsecured creditor or debt collector.

6. **"Legal services"** means those services that Defendant Sanders: (1) could only perform as a member of a state bar of which he is a member in good standing; and (2) performs for a client with whom he has an attorney-client relationship.

7. **"Settling Defendants"** means Andre Keith Sanders, Sanders Law, P.A., and Sanders Legal Group, P.A., individually, collectively, or in any combination.

8. **"Short-term loan"** means a loan with a maturity period of less than one year, including, but not limited to, payday loans.

9. **"Telemarketing"** means any plan, program or campaign that is conducted to induce the purchase of goods or services by means of the use of one or more telephones, and which involves a telephone call, whether or not covered by the Telemarketing Sales Rule, 16 C.F.R. Part 310.

## ORDER

### I.
### PERMANENT BAN REGARDING
### DEBT COLLECTION

**IT IS THEREFORE ORDERED** that Settling Defendants, whether acting directly or indirectly, are permanently restrained and enjoined from:

   A.  acting as debt collectors or assisting debt collectors; and

   B.  offering or assisting others offering short-term loans.

*Provided, however*, that the Settling Defendants shall not be prohibited from providing legal services to debt collectors other than those collecting on short-term loans.

Section III shall not be construed as an exception to this Section I.

## II.
## PERMANENT BAN REGARDING TELEMARKETING

**IT IS FURTHER ORDERED** that Settling Defendants are permanently restrained and enjoined from engaging or participating in telemarketing, directly or through an intermediary, including, but not limited to, by consulting, brokering, planning, investing, marketing, or by providing customer service or billing or payment services.

*Provided, however*, that nothing in this Order shall prohibit the Settling Defendants from engaging in inbound telemarketing of legal services.

Section III shall not be construed as an exception to this Section II.

## III.
## PROHIBITED BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that Settling Defendants, their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, including debt relief services, are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

A. the total costs to purchase, receive, or use the good or service;

B. any aspect of the nature or terms of a policy regarding refunds, cancellations, exchanges, or repurchase; and

C. any other material fact, including but not limited to: any material restrictions, limitations, or conditions; or any material aspect of the performance, efficacy, nature, or central characteristics of the good or service.

## IV.
## MONETARY JUDGMENT AND PARTIAL SUSPENSION

A. Judgment in the amount of **Twenty-Three Million, Eight Hundred Fifteen Thousand, Seven Hundred Ninety-Two Dollars ($23,815,792.00)** is entered in favor of the Commission against Settling Defendants, jointly and severally, as equitable monetary relief.

B. Settling Defendants are ordered to pay to the Commission **Seven Thousand, Two Hundred Eighty-Seven Dollars ($7,287.00)**, which, as Settling Defendants stipulate, their undersigned counsel holds in escrow for no purpose other than payment to the Commission. Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

C. Settling Defendants are ordered to, within 7 days of entry of this Order, transfer possession of the coin collection identified in Defendant Sanders's financial statement dated April 6, 2012 to the Receiver appointed by the Court on April 25, 2012 (Stipulated Preliminary Injunction as to Defendants Andre Keith Sanders, Sanders Legal Group, P.A., and Sanders Law, P.A.). Settling Defendants are further ordered to cooperate fully with the Receiver and take such steps as the Receiver may require to sell such property. The Receiver shall sell the coin collection and use the proceeds of the sale to pay any necessary expenses relating to the sale, and, if granted by the Court upon

Motion by the Receiver, reasonable compensation for the performance of the Receiver's duties in connection with the sale. The Receiver shall transfer the resulting funds to the Commission.

  D.  Until Settling Defendants surrender possession and legal and equitable title of the property set forth in Subsection C to the Receiver, Settling Defendants shall maintain and take no action to diminish the value of the property.

  E.  Upon completion of all of the Settling Defendants' obligations set forth in Subsections B and C, above, the remainder of the judgment is suspended, subject to the Subsections below.

  F.  The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Settling Defendants' sworn financial statements and related documents submitted to the Commission, namely:

    1.  the Financial Statement of Individual Defendant Andre Keith Sanders signed on April 6, 2012, including the attachments;

    2.  the Financial Statements of Corporate Defendants Sanders Legal Group, P.A., and Sanders Law, P.A., signed by Andre Keith Sanders, President, on April 6, 2012, including the attachments; and

    3.  the additional financial information submitted by Settling Defendants' counsel to the FTC in correspondence dated January 18, 2013, and February 7, 2013.

G.  The suspension of the judgment will be lifted as to any Settling Defendant if, upon motion by the Commission, the Court finds that Settling Defendants failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

H.  If the suspension of the judgment is lifted, the judgment becomes immediately due in the amount specified in Subsection A above (which the parties stipulate only for the purposes of this Section represents the consumer injury), less: (i) any payment previously made pursuant Subsection B; and (ii) the proceeds from the sale of the property set forth in Subsection C, plus interest computed from the date of entry of this Order.

## V.
## ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A.  Settling Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.  The facts alleged in the Amended Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.  The facts alleged in the Amended Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the

Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

      D.      Settling Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Settling Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

      E.      All money paid to the Commission pursuant to this Order may deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Settling Defendants' practices alleged in the Amended Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Settling Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VI.
## LIFTING OF ASSET FREEZE AND TERMINATION OF RECEIVERSHIP OVER SANDERS LEGAL GROUP, P.A.

**IT IS FURTHER ORDERED** that the freeze against the assets of Settling Defendants pursuant to Part II of the Stipulated Preliminary Injunction as to Defendants

Andre Keith Sanders, Sanders Legal Group, P.A., and Sanders Law, P.A. entered by this Court on April 25, 2012 shall be modified to permit the payments and transfers identified in the Monetary Judgment Section. Upon completion of those payments and transfers, the asset freeze is dissolved and the receivership over Sanders Legal Group, P.A. shall be terminated.

## VII.
## CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Settling Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them are permanently restrained and enjoined from directly or indirectly:

    A.    Failing to provide sufficient consumer information to enable the Commission to efficiently administer redress. If a representative of the Commission requests in writing any information related to redress, Settling Defendants must provide it, in the form prescribed by the Commission, within 14 days.

    B.    Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account) that any Defendant obtained prior to entry of this Order in connection with any activities alleged in the Amended Complaint; and

    C.    Failing to dispose of such customer information in all forms in their possession, custody, or control within 30 days after either entry of a final order against the last remaining Defendant in this action or receipt of written direction to do so from a

representative of the Commission. Disposal must be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

*Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VIII.
## COOPERATION

**IT IS FURTHER ORDERED** that Settling Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Amended Complaint. Settling Defendants must provide truthful and complete information, evidence, and testimony. The Individual Defendant must appear and Corporate Defendants must cause their officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## IX.
## ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Settling Defendants obtain acknowledgments of receipt of this Order as follows:

  A. Each Settling Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

  B. For 10 years after entry of this Order, the Individual Defendant, for any business that he is the majority owner or directly or indirectly controls, and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

  C. From each individual or entity to which a Defendant delivers a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

# X.
# COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Settling Defendants make timely submissions to the Commission as follows:

  A. Within 180 days after entry of this Order, each Settling Defendant must submit a compliance report, sworn under penalty of perjury.

    1. Each Settling Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to

communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Settling Defendant (which Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2. Additionally, the Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services, whether as an employee or otherwise, and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business or entity, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 10 years following entry of this Order, each Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

      1. Each Settling Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

      2. Additionally, the Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services, whether as an employee or otherwise, and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Each Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.  Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Pro Credit Group, LLC, Matter No. X120037.

## XI.
## RECORDKEEPING

**IT IS FURTHER ORDERED** that Settling Defendants must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendant and Individual Defendant, for any business in which he is a majority owner or directly or indirectly controls, must maintain the following records:

A.  Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

B.  Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C.  Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.  All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

    E.    A copy of each advertisement or other marketing material.

## XII.
## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Settling Defendants' compliance with this Order and any failure to transfer any assets as required by this Order:

    A.    Within 14 days of receipt of a written request from a representative of the Commission, each Settling Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

    B.    For matters concerning this Order, the Commission is authorized to communicate directly with each Settling Defendant. Settling Defendants must permit representatives of the Commission to interview any employee or other person affiliated with any Settling Defendant who has agreed to such an interview. The person interviewed may have counsel present.

    C.    The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Settling Defendants or any individual or entity affiliated with Settling Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the

Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XIII.
## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

IT IS SO STIPULATED:

*[signature]*

KORIN EWING FELIX
JULIA SOLOMON ENSOR
Federal Trade Commission
Division of Enforcement
600 Pennsylvania Ave., NW, Suite M-8102B
Washington, DC 20580
(202) 326-3556, kfelix@ftc.gov (Felix)
(202) 326-2377, jensor@ftc.gov (Ensor)
(202) 326-2558 (Fax)

*Attorneys for Plaintiff*

*[signature]*

ANDREW LUSTIGMAN, ESQ.
SCOTT SHAFFER, ESQ.
Olshan Grundman Frome Rosenzweig &
Wolosky, LLP
65 East 55th Street
New York, NY 10022
Telephone: 212-451-2258
Fax 212-451-2222
alustigman@olshanlaw.com
sshaffer@olshanlaw.com

*Attorneys for Defendants Sanders Legal Group,
P.A., Sanders Law, P.A., and Andre Keith Sanders*

*[signature]*

ANDRE KEITH SANDERS, ESQ.
*Individually and on behalf of Sanders Legal Group,
P.A. and Sanders Law, P.A.*

**DONE and ORDERED** in Tampa, Florida, on this 5th day of September, 2013, at 10:26 a.m.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE