UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>PRO CREDIT GROUP, LLC, e*t al.*,<br><br>　　　Defendants. | Case No.  8:12-cv-586-T35-EAJ |

STIPULATED FINAL JUDGMENT AND ORDER FOR
PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF
AS TO DEFENDANT BRETT FISHER

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint on March 19, 2012 for a permanent injunction and other equitable relief in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6101 *et seq*.  The Court entered an Amended Complaint on November 14, 2012.  The Commission and Defendant Brett Fisher stipulate to the entry of this Order for Permanent Injunction and Other Equitable Relief ("Order") to resolve all matters in dispute in this action as well as any allegations of contempt in *FTC v. Group One Networks, Inc.*, *et al.*, Case No. 8:09-cv-00352 (M.D. Fla.) stemming from the same conduct.

**THEREFORE, IT IS ORDERED** as follows:

## FINDINGS

1. This Court has jurisdiction over the subject matter and the parties.

2. Venue is proper in the Middle District of Florida.

3. On February 28, 2013, Brett Fisher filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §101, in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division, Case No. 8:13-bk-02528 ("Fisher Bankruptcy").

4. If the Fisher Bankruptcy is pending as of the date of entry of this Order, then this action against Defendant Brett Fisher, including the entry of judgment and enforcement of a judgment other than a money judgment, is not stayed by 11 U.S.C. §362(a)(1), (2), (3), or (6) because it is an action brought by the Commission to enforce the Commission's police and regulatory power as a governmental unit pursuant to 11 U.S.C. §362(b)(4) and thus falls within an exemption to the automatic stay.

5. The activities of Defendant Brett Fisher are in or affecting commerce, as defined in the FTC Act, 15 U.S.C. § 44.

6. The Amended Complaint charges that Defendant participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and abusive or deceptive telemarketing acts or practices in violation of the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, in connection with debt processing activities and the marketing or sale of a service purporting to lower the interest rates on consumers' debts.

7. Defendant neither admits nor denies any of the allegations in the Amended Complaint, except as specifically stated in this Order.  Only for purposes of this action, Settling Defendant admits the facts necessary to establish jurisdiction.

8. Settling Defendant waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear his own costs and attorneys' fees.

9. Settling Defendant and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1. **"Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, inventory, checks, notes, leaseholds, effects, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, or cash, wherever located, whether in the United States or abroad.

2. **"Assisting" and "assisting others"** include, but are not limited to: (1) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (2) providing or arranging for the provision of billing or payment services, including but not limited to applying for or maintaining merchant accounts used to charge consumers; (3) developing or providing or arranging for the development or provision of sales scripts or other marketing materials; (4) providing, or arranging for the provision of, names of potential customers; or (5) performing marketing services of any kind including, but not limited to, telemarketing.

3. **"Debt Collection"** means any attempt to collect, directly or indirectly, debts owed or asserted to be owed, or due.

4. **"Financial-Related Goods or Services"** means any product, service, plan, or program represented, expressly or by implication, to:

    a. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving credit, debit, or stored value cards;

      b.    improve, or arrange to improve, any consumer's credit record, credit history, or credit rating;

      c.    provide advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating;

      d.    provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving a loan or other extension of credit;

      e.    provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving any service represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of any debt or obligation between a consumer and one or more secured or unsecured creditors, servicers, or debt collectors.

5. **"Settling Defendant"** and **"Defendant"** mean Brett Fisher.

6. **"Telemarketing"** means any plan, program or campaign that is conducted to induce the purchase of goods or services by means of the use of one or more telephones, and which involves a telephone call, whether or not covered by the Telemarketing Sales Rule, 16 C.F.R. Part 310.

## ORDER

### I.
### PERMANENT BAN REGARDING TELEMARKETING

**IT IS THEREFORE ORDERED** that Settling Defendant is permanently restrained and enjoined from engaging or participating in telemarketing, directly or through an intermediary, including, but not limited to, by consulting, brokering, planning, investing, marketing, or by providing customer service or billing or payment services.

Section IV shall not be construed as an exception to this Section I.

## II.
## PERMANENT BAN REGARDING
## FINANCIAL-RELATED GOODS OR SERVICES

**IT IS FURTHER ORDERED** that Settling Defendant is permanently restrained and enjoined from advertising, marketing, promoting, or offering for sale, or assisting in the advertising, marketing, promoting, or offering for sale of any Financial-Related Goods or Services.

Section IV shall not be construed as an exception to this Section II.

## III.
## PERMANENT BAN REGARDING
## DEBT COLLECTION

**IT IS FURTHER ORDERED** that Settling Defendant, whether acting directly or indirectly, is permanently restrained and enjoined from engaging in debt collection or assisting others engaged in debt collection.

Section IV shall not be construed as an exception to this Section III.

## IV.
## PROHIBITED BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that Settling Defendant and any other persons in active concert or participation with him, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

A.   the total costs to purchase, receive, or use the good or service;

B.   the terms of any policy regarding refunds, cancellations, exchanges, or repurchase; and

C.  any other material fact, including, but not limited to: any material restrictions, limitations, or conditions; or any material aspect of the performance, efficacy, nature, or central characteristics of the good or service.

## V.
## MONETARY JUDGMENT

A.  Judgment in the amount of **Twenty-Five Million, Two Hundred Eighty-Three Thousand, Two Hundred Thirty-Eight Dollars ($25,283,238.00)** is entered in favor of the Commission against Settling Defendant as equitable monetary relief. Settling Defendant is ordered to pay forthwith to plaintiff the sum of **Twenty-Five Million, Two Hundred Eighty-Three Thousand, Two Hundred Thirty-Eight Dollars ($25,283,238.00)**, representing equitable monetary relief.

B.  Settling Defendant stipulates and agrees that the judgment ordered by this Section is not dischargeable in bankruptcy and agrees to the concurrent filing by the Commission in the Fisher Bankruptcy, within ten (10) days of the date of entry of this Order, of: (1) a Complaint to Determine Nondischargeability of Debt Owed to the Federal Trade Commission (in the form attached hereto as Attachment A), and (2) a Stipulated Judgment for Nondischargeability of Debt owed to the Federal Trade Commission (in the form attached hereto as Attachment B), which Settling Defendant shall execute concurrently with his execution of this Order, determining that the judgment ordered by this Section will be nondischargeable pursuant to Section 523 of the Bankruptcy Code, 11 U.S.C. § 523.

C.  Settling Defendant further stipulates and agrees, pursuant to Section 502 of the Bankruptcy Code, 11 U.S.C. § 502, to the allowance of a general unsecured claim in the Fisher Bankruptcy in favor of the FTC in the amount **Twenty-Five Million, Two Hundred Eighty-Three Thousand, Two Hundred Thirty-Eight Dollars ($25,283,238.00)**, and that the FTC is

entitled to participate in any payments in the Fisher Bankruptcy paid on account of such allowed general unsecured claim.

      D.      The facts alleged in the Amended Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

      E.      The facts alleged in the Amended Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, and this Order will have collateral estoppel effect for such purposes.

      F.      Settling Defendant acknowledges that his Taxpayer Identification Number (Social Security Number), which Settling Defendant previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

      G.      All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Settling Defendant's practices alleged in the Amended Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Settling Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VI.
## LIFTING OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze against the assets of Settling Defendant pursuant to Part II of the Stipulated Preliminary Injunction as to Defendants Brett Fisher and Pro Credit Group, LLC, entered by this Court on April 25, 2012, is dissolved.

## VII.
## CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Settling Defendant and his agents, servants, employees, and attorneys, and all other persons in active concert or participation with him are permanently restrained and enjoined from directly or indirectly:

A. Failing to provide sufficient consumer information to enable the Commission to efficiently administer redress. If a representative of the Commission requests in writing any information related to redress, Settling Defendant must provide it, in the form prescribed by the Commission, within 14 days.

B. Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account) that any Defendant obtained prior to entry of this Order in connection with any activities alleged in the Amended Complaint; and

C. Failing to dispose of such customer information in all forms in their possession, custody, or control within 30 days after entry of this Order. Disposal must be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

*Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VIII.
## COOPERATION

**IT IS FURTHER ORDERED** that Settling Defendant must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Amended Complaint. Settling Defendant must provide truthful and complete information, evidence, and testimony. Settling Defendant must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## IX.
## ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Settling Defendant obtain acknowledgments of receipt of this Order as follows:

    A.    Settling Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

    B.    For 10 years after entry of this Order, Settling Defendant, for any business that he is the majority owner or directly or indirectly controls, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled

Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

  C. From each individual or entity to which Settling Defendant delivers a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## X.
## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Settling Defendant make timely submissions to the Commission as follows:

  A. Within 180 days after entry of this Order, Settling Defendant must submit a compliance report, sworn under penalty of perjury.

    1. Settling Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales; (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

    2. Additionally, Settling Defendant must:  (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which Defendant

performs services whether as an employee or otherwise and any entity in which Defendant has any ownership interest; and (c) describe in detail Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 10 years following entry of this Order, Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Settling Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, Settling Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which Defendant performs services whether as an employee or otherwise and any entity in which Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn

under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

   E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  FTC v. Pro Credit Group, LLC, Matter No. X120037.

## XI.
## RECORDKEEPING

**IT IS FURTHER ORDERED** that Settling Defendant must create certain records for 10 years after entry of the Order, and retain each such record for 5 years.  Specifically, Settling Defendant, for any business in which he is a majority owner or directly or indirectly controls, must maintain the following records:

   A. Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

   B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

   C. Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

   D. All records necessary to demonstrate full compliance with each provision

of this Order, including all submissions to the Commission; and

  E. A copy of each advertisement or other marketing material.

## XII.
## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Settling Defendant's compliance with this Order:

  A. Within 14 days of receipt of a written request from a representative of the Commission, Settling Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

  B. For matters concerning this Order, the Commission is authorized to communicate directly with Settling Defendant.  Settling Defendant must permit representatives of the Commission to interview any employee or other person affiliated with him who has agreed to such an interview.  The person interviewed may have counsel present.

  C. The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Settling Defendant or any individual or entity affiliated with Settling Defendant, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XIII.
## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO STIPULATED:**

_____
KORIN EWING FELIX
JULIA SOLOMON ENSOR
Federal Trade Commission
Division of Enforcement
600 Pennsylvania Ave., NW, Suite M-8102B
Washington, DC  20580
(202) 326-3556, kfelix@ftc.gov (Felix)
(202) 326-2377, jensor@ftc.gov (Ensor)
(202) 326-2558 (Fax)

*Attorneys for Plaintiff*

_____
BRETT FISHER

*Defendant pro se*

**DONE and ORDERED** in Tampa, Florida, on this 5th day of September, 2013, at 10:33 a.m.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE